1  Joseph R. Manning, Jr. (SBN 223381)
2  Michael Manning  (SBN 290301)
   Craig G. Cote (SBN 132889)
3  ADAPracticeGroup@manninglawoffice.com
   **MANNING LAW, APC**
4  4667 MacArthur Blvd., Suite 150
   Newport Beach, CA 92660
5  Tel: 949.200.8755
   Fax: 866.843.8308
6
7  Attorneys for Plaintiff:
   PATRICIA FILARDI
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| PATRICIA FILARDI, an individual, | Case No.: 5:18-CV-00237-JGB-KK |
| Plaintiff, | **PLAINTIFF'S CASE STATEMENT** |
| v. | |
| ELENA Z. ALCALAY, as an individual, and as SUCCESSOR TRUSTEE OF THE ALCALAY LIVING TRUST dated MARCH 26, 1990; and DOES 1-10, inclusive, | |
| Defendants. | |

Pursuant to this Court's "ADA Disability Access Litigation Order Staying Action and Requiring Early Mediation," filed March 22, 2018, Plaintiff submits her ADA Mediation Statement.

**PLAINTIFF'S CASE STATEMENT**

A.   **INTRODUCTION**

Plaintiff is an adult quadriplegic who uses a wheelchair for mobility. She has a specially equipped van with a ramp that deploys out of the passenger side of her van. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. Plaintiff requires the use of a wheelchair at all times for mobility and life functions. At the time of Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. She has a Disabled Person Parking Placard issued to her. Plaintiff personally visited Defendants' facilities on three occasions but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's ELENA Z. ALCALAY, as an individual, and as SUCCESSOR TRUSTEE OF THE ALCALAY LIVING TRUST dated MARCH 26, 1990 ("Defendants") facilities located at 40100 Washington Street #139, Bermuda Dunes, CA 92203 (the "Property").

B.   **ITEMIZED LIST AND NARRATIIVE**

The specific conditions that form the basis of the lawsuit include the following:

- Instead of having architectural barrier free facilities for patrons with disabilities, Defendants have:
    - an absence of ADA compliant curb ramps or curb cuts where walkways connect with handicapped parking access zones (Section 406);
    - a ramp from the handicapped parking access zone to the walkway has an cross slope in excess of ADAAG specifications (Section 405.3);
    - a curb ramp connecting the accessible pathway to the Business that extends into the accessible parking space access zone (Section 406.5);

1
**PLAINTIFF'S CASE STATEMENT**

- o an absence of compliant handicapped accessible or handicapped van accessible parking signage in violation of (Section 502.6); and
- o Defendants have no policy or plan in place to make sure that the designated parking spaces and isles, and the interior of the Business are complaint for persons with disabilities and remain compliant at all times relevant at the Property.

## C.     AMOUNT OF DAMAGES

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than $4,000.00 for each time that she was discriminated against. Cal. Civ. Code § 52(a). In the present matter, the Plaintiff alleges three statutory minimum penalty assessment of $4,000.00 each for the parking area pursuant to California Civil Code § 52. In addition, Plaintiff alleges a single statutory minimum penalty assessment of $4,000.00 for the deterrence damages Plaintiff is entitled to pursuant to *Johnson v. Guedoir*, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal. E.D. 2016). Plaintiff claims $16,000 in total statutory damages.

## D.     AMOUNT OF ATTORNEY'S FEES AND COSTS

Plaintiff claims $10,000 in attorney's fees and costs. This includes attorney's fees and costs incurred up to and including the mediation, drafting a settlement agreement to accomplish ADA compliance by Defendants and to monitor and assist with same prospectively.

//
//
//

2
**PLAINTIFF'S CASE STATEMENT**

### E. DEMAND FOR SETTLEMENT OF CASE

Plaintiff has standing to seek injunctive relief for all barriers contained on Defendants' Property, because "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008). Because Plaintiff has encountered multiple barriers described in the itemized list of Part B. to this Case Statement, Plaintiff has standing to seek and obtain injunctive relief requiring Defendants to remove all access barriers contained on the Property.

To obtain the relief sought herein, and settle this matter at mediation, Defendants pay $26,000 in total monetary consideration.

Respectfully submitted,

DATED: April 6, 2018

**MANNING LAW, APC**

By: /s/ *Joseph R. Manning, Jr.*
    Joseph R. Manning, Jr.
    Attorney for Plaintiff